Michael R. JORDAN, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**Docket No. 04–6318–CV.**

United States Court of Appeals, Second Circuit.

Sept. 8, 2005.

Howard D. Olinsky, Olinsky & DiMartino, LLP, Oswego, NY, for Appellant.

Kimberly L. Schiro, Assistant Regional Counsel (Barbara L. Spivak, Chief Counsel—Region II, and Stephen P. Conte, Supervisory Regional Counsel, on the brief), for Lisa De Soto, General Counsel, Social Security Administration, for Appellee.

PRESENT: JACOBS, KATZMANN, and HALL, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff–Appellant Michael R. Jordan appeals from a September 30, 2004 judgment of the district court (Hurd, *J.*), granting Defendant–Appellee Commissioner of Social Security's motion for judgment on the pleadings and dismissing Jordan's complaint, which sought review of a decision by an Administrative Law Judge ("ALJ") denying Jordan's claim for Social Security Disability Insurance benefits. We assume familiarity with the facts, procedural history, and issues on appeal.

We undertake our own review of the administrative record to determine whether [i] the ALJ committed "an error of law ... that might have affected the disposition of the case," *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir.2004) (quotation omitted); and if not, [ii] whether the ALJ's decision is supported by substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

1. The ALJ fulfilled his duty to develop the administrative record. *See Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir.1996) ("[T]he ALJ [must] affirmatively develop the record ... even when, as here, the claimant is represented by counsel." (quotations and citations omitted)). Although the ALJ did not contact or obtain records from Dr. Arena, a treating physician whom Jordan mentioned at his hearing: [i] Jordan's counsel volunteered to secure Dr. Arena's records; [ii] the ALJ kept the record open to allow counsel to do so, and later contacted counsel to remind him that no evidence had been received and that a decision would be made on the existing record unless such evidence was timely submitted; [iii] counsel subsequently contacted the Social Security Administration to advise it that Jordan had "nothing further to add" to the record; and [iv] Jordan did not request the ALJ's assistance in contacting or securing evidence from Dr. Arena. Under these circumstances, we cannot say that the ALJ failed to discharge his duty to develop the record.

2. As to the merits of the ALJ's decision, based on our independent review of the record, we find that the ALJ committed no "error of law ... that might have affected disposition of the case," *Pollard*, 377 F.3d at 189, and that the decision was supported by substantial evidence.

For the foregoing reasons, the judgment of the district court is AFFIRMED.